We're going to move now to Appeal 22-1907 United States v. John Fredenburgh and Ms. Ramay we'll begin with you. Colleen Ramay May it please the Court, Counsel, my name is Colleen Ramay and I represent John Fredenburgh in the current appeal. In this case the District Court committed plain reversible error when it added two levels to Mr. Fredenburgh's offense level for a multiple count of adjustment under Section 3D 1.2 of the licensing guidelines. In our briefing we made arguments under three of the subsections with development of case law. I'll note that two of those arguments are while we believe that they're still applicable they don't really meet plain error review based on White and Von Lowe in this court. So for purposes of today I would like to focus on subsection D. Under this provision two counts will group where the offense behavior is ongoing or continuous in nature and the guideline is written to cover such behavior. The Court applies subsection D by considering both the facts of the case and the application of specific offense characteristics and the various enhancements. In this case we see just a very plain reading of subsection D that the case meets these criteria. We saw that the all of the specific enhancements in this case were applied based on the totality of the conduct. This is a case that where conduct happened over the court span of five years. It makes inherent sense to group these offenses because just by virtue of charging decisions the government could have charged countless crimes which would have raised the guidelines even more even though the entirety of the conduct was being considered under relevant conduct and added to the guidelines. There was a plus two for the victim being in the defendant's custody care or control based on conduct that had happened four or five years earlier than the charges you know than the conduct at an issue specifically in the charges. There was a plus two for using a computer or interactive device based on the totality of the defendant's communications with the victim over cell phone. And there was the final enhancement was for commission of a sex act and the stated rationale was many sex acts occurred over the course of the five or so years that this conduct was occurring. The plain language of subsection D of 3D1.2 suggests that this is exactly the type of situation that the language was meant to cover. If you interpret D that way on a fact pattern like this doesn't it risk unraveling B put differently if we accept B as you have for you know as foreclosed by precedent? Well my argument is that it's not plain based on a precedent. I mean I will concede that. D or B? B. I think B is unambiguous. I believe B is unambiguous and then when you read D, D seems to really be targeted towards multiple victims because when we read it all together I believe that this most naturally fits under subsection B because there's a single victim and it happened over the course of time. The commentary in the guidelines suggests that when they say raping one person on different occasions it like that seems like they're considering a fact pattern where the victims didn't necessarily know each other. This is like one long offense really. This is one long continuous course of conduct, abhorrent as it is, but it would be hard to single out the measurable harm of each sex act in this case. How could you, like if one fewer sex act had happened would the harm, the total harm to the victim really be different? And I think that when we read subsection B that is what we're looking at. But I understand for purposes of the court's consideration of this issue that they are deferring to that interpretation under FONLO. But that's why I think that we see the amendment in the guidelines when the stated rationale for the new amendment of the guidelines says look when there are multiple victims these cannot group. It doesn't even mention when there's a single victim because it falls more naturally under subsection B. Grouping it would fall under subsection B. When there are multiple victims they're saying we don't want these to group because those are separate and distinct harms, which makes sense. It doesn't make sense, however, to say these cannot group when there is a single victim and a continuous course of conduct. Does that answer the question, Your Honor? Yeah, I understand. I understand your position. Okay. If there are no further questions, may I save the rest of my time for rebuttal?  Thank you. Thank you, Ms. Romain. Mr. Koenig, we'll go to you. Good morning. May it please the court. My name is Jonathan Koenig. I appear on behalf of the United States in this appeal. I would like to spend my time, of course, answering any questions that you have, but also specifically responding to an argument in the reply brief about Amendment 823. That amendment explained that subsection D, which is really the subsection at issue here, was being revised in order to add to the do not group list 2G1.3 counts involving, quote, more than one victim. By implication, Mr. Fredenberg is arguing that this means that such counts do group when they involve the same victim. From our perspective, such a rule would be a perverse break for those who choose to victimize the same person repeatedly. Their offenses would group while those with multiple victims would not. The actual guideline that was, as it now exists, says merely that section 2G1.3 counts are specifically excluded from the operation of section 3D1.2. Neither the amended guideline nor the commentary make a further distinction or speak directly to counts involving the same victim. Nevertheless, as defendant would have it, plain error can be founded almost entirely upon negative implication, excuse me, negative inference drawn from explanatory language that accompanies a guideline amendment. There's no case law supporting my opponent's position, and as I think Judge Scudder's question may have been suggesting, the argument is in tension with the subsection B cases that we've cited in our brief, including Von Lowe, but also cases from other circuits, and inconsistent with the guideline commentary about rape and robbery as well. All of those precedents suggest that there should not be grouping because the offenses do not involve substantially the same harm, and that's the umbrella concept in 3D1.2, and what we're asking you to focus on in this appeal, the number of harms, not whether they were inflicted on the same victim or many victims. As the Sixth Circuit put it in Bivens, citing Von Lowe, even if the same act is repeated during an ongoing continuous pattern of criminality between a single defendant and his victim, each act usually amounts to a fresh harm the victim must face anew. So the guidelines, precedent, and common sense all tell us that these counts involve separate harms and should not have grouped. Put another way, this was a case in which it was proper to place similar crimes against the same person in separate groups. At most, Fradenberg's argument to the contrary is debatable, but that is not sufficient to meet his burden of showing a clear or obvious error under the plain error standard, and for that reason we would ask that you affirm. Are there any questions from the panel that I may address or try to address? No, thank you, Mr. Koenig. Thank you very much. Ms. Romain, we'll go back to you for a rebuttal argument. Thank you, Your Honors. Just to clarify a little bit, I don't rely on the amendment to necessarily prove my point, but I think it's persuasive because one wouldn't need to add a specific exclusion for multiple victims, as explained for multiple victims, if the plain language of the text, if it was clear, as the government argues, that this doesn't group under the language. The government doesn't seem to contend that this behavior wasn't continuous or ongoing in nature. It clearly was, and then the court can find that under a plain reading of the guideline, given the facts of the case, that there was plain error, even if there was no analogous case law. The court did it in United States v. Hagen, and that was a plain error case. The court looked at the—that was on a different provision of the guidelines, but it was on criminal history—looked at the underlying offense, decided it was similar enough to the listed offenses that never count as criminal history points, and remanded. This would not be walking away from the court's precedent. It would be considering this new argument under the plain text of the guidelines. So, just because there isn't another case holding the same thing doesn't make this not plain error. And, again, you know, I think that—I think under the interpretation of the new version of the guidelines, it's certainly arguable that this conduct—or this type of conduct would group under subsection B, but it is also true that it would fall under the plain text of subsection D, as the guidelines were when Mr. Friedenberg was sentenced. If the court has any further questions, we ask that you remand for resentencing. Thank you very much, Ms. Romay. Thank you, Mr. Koenig, the case will be taken under revisement.